corporation sold certain fixtures owned by it and was bound by the guaranty.

4. CORPORATIONS, § 439*—*when evidence sufficient to show authority of officer to execute guaranty.* Where it appears that a guaranty by a corporation which was *intra vires* was executed by its secretary and treasurer who owned forty-eight per cent. of the capital stock and was also manager of the company, and there was other evidence showing that the execution was authorized, a finding that he had authority to execute the guaranty is warranted.

5. CORPORATIONS, § 442*—*when corporation estopped to deny authority of officers to execute guaranty.* A corporation which has received the benefits of a guaranty executed by one of its officers on its behalf, and which was within its corporate powers, will not be heard to deny the officer's authority to execute the guaranty.

---

**R. U. Le Cato, Plaintiff in Error, v. James Gianakopolus and Panus Gianakopolus, trading as Gianakopolus & Company, Defendants in Error.**

**Gen. No. 22,298.    (Not to be reported in full.)**

Error to the Municipal Court of Chicago; the Hon. EDMUND K. JARECKI, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1916. Reversed and remanded. Opinion filed June 27, 1917.

### Statement of the Case.

Action by R. U. Le Cato, plaintiff, against James Gianakopolus and Panus Gianakopolus, trading as Gianakopolus & Company, defendants, to recover damages for a breach of contract. To reverse a judgment for defendants, plaintiff prosecutes this writ of error.

STEWART REED BROWN, for plaintiff in error.

ROSE & SYMMES, for defendants in error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

## Abstract of the Decision.

1. EVIDENCE, § 304*—*when exclusion of letter is error.* Where a defendant partner, called and examined by the plaintiff under Municipal Court Act, sec. 33 (J. & A. ¶ 3345), identifies a letter signed by the firm and written by their bookkeeper and testifies that he told the bookkeeper to write the letter, it is error to exclude the letter on the ground that the bookkeeper's authority to sign it was not shown.

2. APPEAL AND ERROR, § 1772*—*when admission of evidence in trial by court is ground for reversal.* Even though a cause is tried by the court without a jury, and it will be presumed that the court did not consider incompetent evidence which it allowed to be introduced, the admission of such evidence when accompanied by a restriction upon the introduction of competent evidence by the other party may be a ground for reversal.

---

## Sturges & Burn Manufacturing Company, Appellant, v. Unit Construction Company, Appellee.

### Gen. No. 21,966.

1. ARBITRATION AND AWARD—*what is character of notice of final judgment.* The "notice" of final judgment on an award of arbitrators provided for by Hurd's Rev. St. ch. 10, sec. 7 (J. & A. ¶ 462) is not to be construed as synonymous with "process" but as equivalent to knowledge or information.

2. ARBITRATION AND AWARD—*when court has jurisdiction upon filing of award.* Persons who agree to arbitrate their differences in the method provided by Hurd's Rev. St. ch. 10, sec. 16 (J. & A. ¶ 471) and in their agreement provide that the award made pursuant thereto "may be filed in the Circuit Court of Cook county, and judgment entered thereon," by such agreement definitely subject themselves to the jurisdiction of that court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.